UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10475-GAO

RICHARD FERRARI, individually and on behalf of all others similarly situated,
Plaintiff,

v.

VITAMIN SHOPPE, INC.,
Defendant.

OPINION AND ORDER
March 30, 2018

O'TOOLE, D.J.

Richard Ferrari has filed this putative class action against Vitamin Shoppe, Inc., alleging state common law and statutory claims related to Vitamin Shoppe's sale of three glutamine-containing dietary supplements under the "BodyTech" brand name. These claims are based on Ferrari's contention that glutamine supplementation has been scientifically proven to be ineffective and that Vitamin Shoppe's label claims suggesting otherwise are objectively false and misleading to consumers. Currently pending before the Court is Vitamin Shoppe's motion to dismiss the claims on the merits under Federal Rule of Civil Procedure 12(b)(6) and to strike the class action claims.

## I. Background

The complaint alleges the following:

Ferrari, a Massachusetts resident, purchased Vitamin Shoppe's "BodyTech"-brand "Creatine & Glutamine with Beta-Alanine" supplement from a Vitamin Shoppe store in Peabody,

Massachusetts in September of 2015 and December of 2016.[1] He purchased this product after reading and relying on the product label, which stated in relevant part, "[g]lutamine helps support muscle growth and recovery." (Am. Compl., ¶ 15 n. 1 (dkt. no. 29).)

Ferrari alleges that this purchase was made "in reliance on Vitamin Shoppe's promises of providing 'Anti-Catabolic,' 'Muscle Growth,' 'Muscle Endurance,' and 'Muscle Recovery Benefits.'" (Id., ¶ 13.) This is presumably a reference to the statements made on the labels of two other Vitamin Shoppe products that also contained glutamine, BodyTech Glutamine and BodyTech BCAA & Glutamine. Though the complaint does not allege that Ferrari purchased either of those products or ever read or relied on their label statements, those label statements claim that glutamine "has been shown to possess Anti-Catabolic properties to help preserve muscle," and that "[i]ntense exercise can deplete glutamine stores, however, supplemental glutamine is thought to replenish these stores allowing for enhanced recovery." (Id., ¶ 15 n. 1.)

Ferrari now claims that the cited label statements are false and misleading because the ingestion of these products does "absolutely nothing for the recovery from exercise, recovery of muscle tissue or ability to decrease muscle-wasting." (Id., ¶ 9.) Ferrari alleges that "numerous scientific studies have proven that [the] use of [g]lutamine supplements provide[] no additional benefits to the body." (Id.) The complaint supports this contention by citing and summarizing nine studies in which researchers assessed potential muscular and physiological effects of glutamine supplementation under various test conditions and found it to provide no measurable benefits. He alleges that he would not have purchased the supplement had he known that glutamine supplementation would not provide additional benefits, and that Vitamin Shoppe's intentional

---

[1] Ferrari purchased two containers in September of 2015 for approximately $19.99 each, and one container in December of 2016 for approximately $16.22. He alleges that he purchased the products for his own use and ingested them in accordance with the label instructions.

misleading representations consequently caused him to buy products that were useless. He seeks actual and punitive damages.

Advancing this theory on behalf of a putative class action, Ferrari asserts various claims against Vitamin Shoppe under Massachusetts common and statutory law.[2] He purports to bring the claims individually and on behalf of all consumers who purchased any of these three BodyTech products.

## II. Discussion

Vitamin Shoppe notes that Ferrari does not allege that he purchased the BodyTech BCAA & Glutamine or BodyTech Glutamine products, and therefore argues that he lacks standing to bring any claims related to those products.[3]

Article III standing requires that (1) a plaintiff has suffered an injury-in-fact, (2) the injury is fairly traceable to some action of the defendant and (3) the injury is capable of redress by the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Plaintiffs bear the burden of plausibly alleging that these requirements are satisfied. Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016). The alleged injury-in-fact must be not only concrete and particularized but also actual or imminent, not merely conjectural or hypothetical. Van Wagner Bos., LLC v. Davey, 770 F.3d 33, 37 (1st Cir. 2014). "The particularization element of the injury-in-fact inquiry reflects the commonsense notion that the party asserting standing must not only allege injurious

---

[2] The original Count Two of the complaint, a statutory claim for misbranding under Mass. Gen. Laws ch. 94, §§ 187, 194, was voluntarily dismissed, (Pl.'s Memo. in Opp'n to Def.'s Mot. to Dismiss, 11 n. 1 (dkt. no. 41)).

[3] Though Vitamin Shoppe does not present a developed argument as to why Ferrari lacks standing, the Court is obligated to address issues of jurisdiction and standing regardless whether or not they have been raised by the litigants. Pagan v. Calderon, 448 F.3d 16, 26 (1st Cir. 2006) (citing Orr v. Orr, 440 U.S. 268, 271 (1979)).

conduct attributable to the defendant but also must allege that he, himself, is among the persons injured by that conduct." Hochendoner, 823 F.3d at 731–32.

Because the complaint does not allege that Ferrari ever purchased the Glutamine & BCAA or Glutamine supplements or read and relied on their label statements, he has not alleged that he suffered an actual injury-in-fact. His hypothetical claims concerning the products are accordingly dismissed for lack of standing.[4] His remaining claims are limited to those pertaining to the Creatine & Glutamine with Beta-Alanine product and its label statement: "Glutamine helps support muscle growth and recovery."

Vitamin Shoppe next argues that Ferrari's claims should be dismissed under the so-called Primary Jurisdiction Doctrine, or "deference doctrine" as it is known in this Circuit, because they implicate a federal regulatory framework governing dietary supplement labels and, therefore, should be resolved by the Food and Drug Administration, whose job it is to enforce those requirements.[5] But the claims here do not raise the sort of technical issues, policy judgments, or uniformity concerns that commonly warrant judicial deference. Cf. Commonwealth of Mass. v. Blackstone Valley, 67 F.3d 981, 992 (1st Cir. 1995) (referring case to the EPA because the question whether a particular substance was "hazardous" within the meaning of federal regulations was "specifically within the scope of the EPA's delegated authority"); Palmer Foundry, Inc. v. Delta–HA, Inc., 319 F. Supp. 2d 110, 114 (D.Mass.2004) (referring case to OSHA because question

---

[4] To the extent that courts have allowed named plaintiffs in putative class actions to assert misrepresentation claims for "substantially similar" products that they did not purchase, I conclude that standing is inappropriate in this case because the statements are markedly different. Cf. Quinn v. Walgreen Co., 958 F. Supp. 2d 533, 541–542 (S.D.N.Y.2013); Vass v. Blue Diamond Growers, No. CV 14-13610-IT, 2015 WL 9901715, at *6 (D. Mass. Aug. 11, 2015), report and recommendation adopted, No. 14-CV-13610-IT, 2016 WL 1275030 (D. Mass. Mar. 31, 2016).

[5] Vitamin Shoppe does not argue that Ferrari's state law claims are preempted by the Food Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, et seq., or the regulations promulgated thereunder.

4

whether resin was an "oxidizer" was "at the heart of the agency's assignment from Congress"). Courts are well-equipped to address issues of consumer expectation and deceptive or misleading statements like those alleged here. See Goldemberg v. Johnson & Johnson Consumer Cos., Inc., 8 F. Supp. 3d 467, 476 (S.D.N.Y. 2014); In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Practices Litig., No. 12-MD-2320-PB, 2013 WL 1124081, at *4 (D.N.H. Mar. 18, 2013).

Finally, Ferrari has adequately pled the who, what, where, and when of the allegedly misleading representations. See Kaufman v. CVS Caremark Corp., 836 F.3d 88, 94 (1st Cir. 2016). He has plausibly alleged claims that the label statement of the product he did buy, Creatine & Glutamine with Beta-Alanine, and so those successfully survive scrutiny under Rule 12(b)(6). I decline to address issues of class certification at this stage of the litigation. So much of the motion as seeks to strike the class allegations is denied without prejudice.

## III. Conclusion

For the reasons stated, Vitamin Shoppe's Motion to Dismiss and to Strike Class Action Claims (dkt. no. 33) is GRANTED insofar as the claims concerning products not purchased by Ferrari are stricken, but DENIED with respect to the Creatine & Glutamine with Beta-Alanine product. Vitamin Shoppe's motion to strike the class action allegations is DENIED without prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge