UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD FERRARI and WILLIAM BOHR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VITAMIN SHOPPE, INC.,<br><br>Defendant. | CIVIL ACTION NO. 17-10475-GAO<br><br>**REQUEST FOR ORAL ARGUMENT**<br><br>Leave to file excess pages granted on January 19, 2021 [ECF No. 131] |

**DEFENDANT VITAMIN SHOPPE INDUSTRIES, LLC'S
MOTION FOR SUMMARY JUDGMENT**

In this Motion for Summary Judgment, Defendant Vitamin Shoppe Industries, LLC ("Vitamin Shoppe") seeks dismissal with prejudice of all remaining causes of action asserted in Plaintiffs' Second Amended Complaint.

Plaintiffs' complaint contends that statements on the labels of three dietary supplement products are false. They assert the following seven causes of action: (1) Untrue and Misleading Advertising under Massachusetts G.L. c. 266 §91; (2) Violation Of Massachusetts ALM GL Ch. 94 §§ 187 and 190 and 105 CMR 590.001 *et seq.*;[1] (3) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (4) Breach of Express Warranty; (5) Breach of Implied Warranty; (6) Unjust Enrichment; and (7) Violation of Massachusetts ALM GL Ch. 93A *et seq.* The Motion for Summary judgment seeks dismissal of all claims on the grounds that:

    I.        Plaintiffs' claims are expressly preempted by 21 U.S.C. § 343-1(a)(5) because they would impose standards that are different from, not identical to, the federal

---

[1] Plaintiffs previously voluntarily dismissed Count Two. *See* ECF No. 41 at 11 n.1.

regulatory framework for dietary supplement labeling of "structure/function claims" which are permitted by 21 U.S.C. § 343(r)(6); and

II. Even if Plaintiffs' claims were not preempted, summary judgment would still be required because Plaintiffs proffer no evidence that the label statements are actually false.

In support of its Motion, Defendant relies upon its Rule 56.1 Statement of Material Facts, the Declaration of Michael R. McDonald and Exhibits attached thereto, and the Declaration and Appendix of Dr. Jay Hoffman and accompanying scientific studies annexed as exhibits thereto.

> **DEFENDANT VITAMIN INDUSTRIES, LLC**
> By its Attorneys
>
> /s/ Michael R. McDonald
> Michael R. McDonald (admitted *pro hac vice*)
> Caroline E. Oks (admitted *pro hac vice*)
> Mary K. Bessemer (admitted *pro hac vice*)
> **GIBBONS P.C.**
> One Gateway Center
> Newark, New Jersey 07102
> Telephone: (973) 596-4500
> mmcdonald@gibbonslaw.com
> coks@gibbonslaw.com
> mbessemer@gibbonslaw.com
>
> Andrea C. Kramer, Esq. (BBO# 632584)
> **KRAMER LAW LLC**
> P.O. Box 1436
> Brewster, MA 02631
> Telephone: (617) 780-1685
> andrea@kramerlawllc.com

Dated: February 8, 2021

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2021, I served a copy of this Motion on all counsel of record by filing the pleading through the Electronic Case Filing (ECF) system and by first-class mail to those counsel not registered with ECF.

/s/ Michael R. McDonald
Michael R. McDonald

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

I, Michael R. McDonald, certify that I have conferred with Plaintiffs' counsel in a good faith effort to resolve or narrow the issues presented in this motion.

/s/ Michael R. McDonald
Michael R. McDonald